United States District Court
For the Northern District of California

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   JOE HAND PROMOTIONS, INC.,              No. C 11-6334 CW

5            Plaintiff,                     ORDER GRANTING
                                            MOTION TO SET
6        v.                                 ASIDE DEFAULT

7   MIULER REYES a/k/a MIULER REYES
    HENRIQUEZ, individually and d/b/a
8   EL SALVADORENO RESTAURANT,

9            Defendant.

10   _____/

11

12        On December 15, 2011, Plaintiff Joe Hand Promotions filed

13   this action alleging that Defendant Miuler Reyes unlawfully

14   intercepted and/or displayed a televised sporting event at El

15   Salvadoreno Restaurant in Pittsburg, California.  Plaintiff

16   asserts claims for violation of 47 U.S.C. §§ 605 and 553, and for

17   conversion.  Default was entered against Defendant on March 9,

18   2012.  Plaintiff filed a motion for default judgment, which the

19   Court referred to a Magistrate Judge for report and

20   recommendation.  The hearing on the motion for default judgment

21   was vacated after Plaintiff failed to file proposed findings of

22   fact and conclusions of law as ordered by the court.  Unaware that

23   the hearing had been vacated, Defendant appeared in court on May

24   24, 2012, the date previously set for hearing on the motion.

25   Thereafter, Defendant filed the instant motion to set aside

26   default.  Plaintiff opposes the motion, which is submitted on the

27   papers.

28

DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause."  The district court has discretion to determine whether a party demonstrates "good cause."  Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969).  The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment.  Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).  Default judgments are "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  Thus, whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default.  Mendoza, 783 F.2d at 945-46.  The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so.  TCI, 244 F.3d at 696.

Defendant, appearing pro se, states that he retained an attorney after receiving the complaint and paid the attorney for his services.  Reyes Decl. ¶ 4.  Based on the attorney's assurances, Defendant expected his attorney to contact Plaintiff's counsel and respond to the complaint.  Id. ¶ 4.  Upon receiving

2

**United States District Court**
For the Northern District of California

1  Plaintiff's motion for default judgment, Defendant learned that

2  his attorney had not filed an answer, but only wrote a letter to

3  Plaintiff's counsel.  Id. ¶ 5.  Defendant contends that he paid

4  for a DISH satellite television account at his restaurant and

5  believed that pay-per-view events were included in the account.

6  Id. ¶ 8.

7      Defendant has demonstrated that he acted diligently in

8  retaining counsel to represent him and further appeared in court

9  upon learning of the motion for default judgment.  Plaintiff's

10 counsel acknowledges that he received an email from Defendant's

11 attorney on January 27, 2012, Opp. at 5, but argues that Defendant

12 is bound by the inaction of his attorney and is culpable for his

13 failure to answer or otherwise respond to the complaint, Opp. at

14 6-7.  Defendant has offered a good faith explanation for his

15 failure to answer, namely, his expectation that his attorney would

16 timely respond to the complaint.  See TCI, 244 F.3d at 697-98

17 ("Neglectful failure to answer as to which the defendant offers a

18 credible, good faith explanation negating any intention to take

19 advantage of the opposing party, interfere with judicial

20 decisionmaking, or otherwise manipulate the legal process is not

21 'intentional' under our default cases, and is therefore not

22 necessarily -- although it certainly may be, once the equitable

23 factors are considered -- culpable or inexcusable.").

24     Defendant has also offered a potentially meritorious defense

25 by stating that he did not know that his DISH account did not

26 cover pay-per-view events.  Reyes Decl. ¶ 8.  Plaintiff argues

27 that §§ 605 and 553 impose strict liability, so that Defendant's

28 good faith is not a defense.  Opp. at 4.  This case, however, is

**United States District Court**
For the Northern District of California

1  still at an early pleading stage on a motion to set aside default,

2  and Defendant has presented specific facts that could constitute a

3  defense.  TCI, 244 F.3d at 700.

4      Defendant has also satisfied the requirement to show that

5  setting aside the entry of default would not prejudice Plaintiff.

6  "To be prejudicial, the setting aside of a judgment must result in

7  greater harm than simply delaying resolution of the case.  Rather,

8  'the standard is whether [plaintiff's] ability to pursue his claim

9  will be hindered.'"  TCI, 244 F.3d at 701 (quoting Falk v. Allen,

10 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)).  Upon learning of

11 the motion for default judgment, Defendant appeared in court on

12 the date noticed for hearing, and followed the court's instruction

13 to file a motion to set aside default prior to making any

14 appearance in this case.  Defendant has sufficiently demonstrated

15 that allowing Plaintiff's claims to proceed on the merits would

16 not result in tangible harm such as loss of evidence, increased

17 difficulties of discovery or greater opportunity for fraud or

18 collusion.  Id.

19     Because Defendant has demonstrated lack of culpability, a

20 potentially meritorious defense and lack of prejudice, his motion

21 to set aside default is granted.

22                              CONCLUSION

23     For the reasons set forth above, Defendant's motion to set

24 aside default is GRANTED.  Docket no. 28.  Plaintiff's motion for

25 default judgment is DENIED as moot.  Docket no. 14.

26     Defendant must file an answer or otherwise respond to the

27 complaint within twenty-eight days from the date of this order.  A

28 case management conference will be held on November 28, 2012 at

1  2:00 p.m. in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland,

2  California 94612.  The parties must file a case management

3  statement by November 21, 2012.

4

5      IT IS SO ORDERED.

6

7  Dated: 10/22/2012



8  CLAUDIA WILKEN
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California