IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. C 11-6334 CW |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| v. | |
| MIULER REYES, | |
| Defendant. | |

The Court held a case management conference on November 28, 2012. Plaintiff's counsel, Thomas P. Riley, failed to appear and sent attorney James Beck to appear in his place. This is at least the third time that Mr. Riley has failed to appear for a scheduled hearing and sent another attorney to appear on his behalf without obtaining leave of the Court. On the two prior occasions, the Court expressly warned that he was required to appear at all scheduled hearings and that he may not send another attorney to appear for him without the Court's permission. Because Mr. Riley continues to ignore these instructions, Plaintiff's case is dismissed for failure to prosecute.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order." See also Hells Canyon Pres. Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). To avoid dismissal, the plaintiff must prosecute his or her case with "reasonable diligence." Anderson v. Air West, Inc., 542 F.2d 522,

1  524 (9th Cir. 1976). Here, Mr. Riley has repeatedly failed to
2  comply with the Civil Local Rules and with this Court's prior
3  directives, which instruct him to seek leave of the Court if he
4  cannot appear in person or intends to send another attorney in his
5  place.[1] Telephonic appearances can also be arranged. Mr. Riley's
6  recalcitrance not only delays resolution of this case and
7  prejudices Defendant but also frustrates the Court's docket
8  management efforts and drains judicial resources. Accordingly,
9  Mr. Riley's conduct justifies dismissal here. See Dahl v. City of
10 Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) (instructing
11 district courts to weigh concerns about delay, prejudice, and
12 docket management when deciding whether to impose dismissal as a
13 sanction).

   Plaintiff's complaint is dismissed for failure to prosecute.
If a motion to set aside the dismissal is filed and granted, then
the schedule set forth in the case management order will be
adopted. See Docket No. 38.

   IT IS SO ORDERED.

Dated: 12/3/2012

CLAUDIA WILKEN
United States District Judge

---

[1] See J&J Sports Prods., Inc. v. Looney, Civ. Case No. 11-2093, Docket No. 22, Minute Order & Case Management Order ("Counsel for Plaintiff may not send a substitute without permission of the Court."); Civil L.R. 16-10(a) ("Unless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference."). Mr. Riley was also warned about his conduct after he failed to appear for a hearing in another case and attempted to send Mr. Beck in his place. See J&J Sports Prods., Inc. v. Dean, Civ. Case No. 10-5088, Docket No. 20, Minute Order & Case Management Order.