IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS, INC.,                    No. C 11-6334 CW

        Plaintiff,                            ORDER GRANTING
                                              MOTION TO VACATE
    v.                                        DISMISSAL (Docket
                                              No. 42).
MIULER REYES,

        Defendant.
_____/

    Plaintiff Joe Hand Productions, Inc. moves for relief from
this Court's December 3, 2012 order dismissing this case for
failure to prosecute and asks that the case be reinstated.
Defendant Miuler Reyes, proceeding pro se, opposes the motion.
The Court took the matter under submission on the papers and now
reluctantly grants Plaintiff's motion.

                            BACKGROUND

    On March 15, 2012, the Clerk entered default against
Defendant.  Defendant moved to set aside default in June 2012.
After granting Defendant's motion, the Court scheduled a case
management conference for November 28, 2012.  Civil Local Rule
16-10(a) provides that "lead trial counsel for each party must
attend the initial Case Management Conference" unless excused by
the Court.

    Plaintiff is represented by Thomas P. Riley, a sole
practitioner.  Mr. Riley failed to appear at the November 28 case
management conference.  Instead, another attorney -- James Beck,
who is not a member of Mr. Riley's law firm nor listed in the
pleadings -- appeared in his place, albeit late.  It was at least

the third time that Mr. Riley has sent another attorney to attend a hearing in his place without obtaining leave of the Court. On two prior occasions, he was expressly warned that such conduct was not permitted.

The Court dismissed Plaintiff's case at the hearing for failure to prosecute. A written order of dismissal followed on December 3, 2012. Docket No. 39. In that order, the Court noted that Mr. Riley's failure to appear for the case management conference violated the local rules as well as this Court's prior directives. Id. at 2.

On December 10, 2012, Plaintiff filed this motion to reinstate the case under Federal Rule of Civil Procedure 60(b)(1). Plaintiff contends that its failure to prosecute was the result of "excusable neglect" -- specifically, Mr. Riley's "negligence [] with respect to interoffice communications," which led to his failure to appear at the case management conference. Pls.' Mot. 6. Mr. Riley claims that he mistakenly believed that he had instructed his staff "to arrange for Mr. Beck's appearance in this specific case" prior to the hearing.[1] Declaration of Thomas P. Riley ¶ 6. He argues that the case should be reinstated because his error was not made in bad faith and because Plaintiff was not warned that dismissal was imminent.

---

[1] This is not the first time that Mr. Riley has attributed "excusable neglect" to a staffing or other administrative error. See J&J Sports Prods., Inc. v. Looney, 2011 WL 6306660, at *1 (N.D. Cal.) (noting that plaintiff's counsel missed a filing deadline due to "a staffing transition" in his office); J&J Sports Prods., Inc. v. Ramos, 2012 WL 4575338, at *2 (S.D. Cal.) (noting that plaintiff's counsel missed a filing deadline due to an "administrative oversight" and urging him "to undertake due effort to ensure that future administrative oversights are prevented").

United States District Court
For the Northern District of California

DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) allows a court "to relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388 (1993)) (internal quotation marks and formatting omitted)).

Here, the extent of Plaintiff counsel's neglect went beyond mere carelessness. As noted above, Mr. Riley sent another attorney to appear in his place at a case management conference even though the Court has warned him on multiple occasions that this is prohibited. Mr. Riley has also, according to Defendant, failed to respond to settlement offers and ignored numerous phone calls from Defendant, who is pro se. See Pl.'s Mot. 4-5. In short, Mr. Riley's conduct in this case has been egregious.

Nevertheless, the Ninth Circuit has held that a party must be warned before a court dismisses the case on its own motion for failure to prosecute. Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir. 1987). Although this Court has previously warned Mr. Riley in other cases that his conduct could result in a Rule 41(b) dismissal, it did not provide such a warning in this case. Accordingly, the Court must grant Plaintiff's motion and set aside the dismissal. Any future failures to comply with the

local rules or this Court's orders will result in dismissal of the case.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to reinstate the case (Docket No. 42).  The Court's previous order dismissing the case for failure to prosecute (Docket No. 39) is VACATED.  The Clerk shall reopen this file and set the following dates:

Deadline to add additional parties or claims:        5/3/2013

Disclosure of expert witnesses and reports:        5/17/2013

Date of next case management conference:        10/10/2013

Deadline to hear case-dispositive motions:        10/10/2013

Completion of fact discovery:        12/16/2013

Completion of expert discovery:        12/16/2013

Final pretrial conference to be held at 2:00 p.m.: 3/3/2014

One-day court trial to begin at 8:30 a.m.:        3/17/2014

In addition, a settlement conference will be held with either Magistrate Judge Ryu or Westmore by June 28, 2013.

The Court refers Defendant to the Legal Help Center, located inside the San Francisco federal courthouse at 450 Golden Gate Avenue, for advice or the appointment of volunteer counsel, if available.  The Legal Help Center is reachable at (415) 782-9000 x8657.

IT IS SO ORDERED.

Dated: 4/8/2013

CLAUDIA WILKEN
United States District Judge